PIERCE, Chief Judge.
ORDER OF DISMISSAL
In the above cause petitioner Ira Goldsmith filed in this Court his petition for writ of habeas corpus alleging that he had been denied his right of direct appeal from a previous judgment of conviction entered against him, notwithstanding he had “rigidly requested” his Court appointed trial counsel to pursue such an appeal. Upon such alleged facts we issued the writ and the Attorney General has made response thereto, which response demonstrated abundantly that there is no merit to the petition.
The response shows by record evidence the following: Goldsmith was tried and convicted before a jury in the Court of Record for Escambia County on October 17, 1967, for the offense of robbery and on the same day was sentenced to 10 years in the State Prison; On May 27, 1968, he filed motion in the trial Court to vacate said judgment and sentence, which motion was denied on May 29, 1968; he appealed said order of denial to the 1st District Court of Appeal, resulting in a per curiam affirmance on February 4, 1969; an abortive attempt was made in August, 1969, to appeal from a supposed motion to vacate allegedly filed on May 21, 1968, which appellate “proceeding” was apparently abandoned thereafter; on June 6, 1969, he filed in the Jackson County Circuit Court a motion to vacate a previous judgment of conviction entered in that Court on May 27, 1968, pursuant to his plea of guilty to a charge of escape and a sentence imposed upon him of two years in the State Prison; said motion to vacate was denied by the Jackson County Circuit Court in June, 1969, and upon appeal from said order of denial the 1st District Court of Appeal entered a per curiam affirmance on January 15, 1970; on July 21, 1971, the U. S. District Court for the Middle District of Florida, Jacksonville division, denied Goldsmith’s petition for writ of habeas corpus and dismissed the action based upon his claim “that he was arbitrarily and without reason placed in maximum security and prison officials sought to frustrate his attempts to obtain parole or extra gain time”; all of which proceedings had tran *873 spired prior to his filing of petition for writ of habeas corpus in the instant case.
From all the foregoing it affirmatively appears now to this Court that no meritorious basis exists for relief of petitioner by habeas corpus. The petition should be and is therefore — ■
Denied and this proceeding dismissed.
LILES, J., concurs.
MANN, J., concurs specially with opinion.